DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA

              Plaintiff

              v.

ROLAND G. MURRELL, AYALA A.
KING

              Defendants.

)
)
) Criminal No. 2013-10
)
)
)
)
)
)

ATTORNEYS:

**Nelson Luis Jones, Esq., USA**
United States Attorney's Office
St. Thomas, VI
**Ronald Sharpe, Esq., USA**
United States Attorney's Office
St. Thomas, VI
    *For the United States of America,*

**Clive Rivers, Esq.**
**Clive Claudius Rivers, Esq.**
Law Offices of Clive Rivers, P.C.
St. Thomas, VI
    *For Roland G. Murrell.*

**Judith L. Bourne, Esq.**
Law Offices of Judith L. Bourne
St. Thomas, VI
    *For Ayala A. King.*

## SENTENCING MEMORANDUM

**GÓMEZ, J.**

    Roland G. Murrell and Ayala A. King were convicted on July 5, 2013.

*USA v. Murrell, et al.*
Crim. No. 2013-10
Sentencing Memorandum
Page 2

Murrell was convicted of nine counts. Count four of the indictment charged Murrell with a violation of 18 U.S.C. §924(c)(1)(a). Count eight of the indictment charged Murrell with violations of 14 V.I.C. §§ 921, 922(a)(1). Count nine of the indictment charged Murrell with a violation of 14 V.I.C. § 2253(a). Count eleven of the indictment charged Murrell with violations of 14 V.I.C. §§ 295(1), 11(a). Count twelve of the indictment charged Murrell with violations of 14 V.I.C. §§ 295(3), 11(a). Count thirteen of the indictment charged Murrell with a violation of 14 V.I.C. § 2253(a). Count fifteen of the indictment charged Murrell with violations of 14 V.I.C. §§ 1861, 1862(1), 11(a). Count sixteen of the indictment charged Murrell with a violation of 14 V.I.C. § 2253(a). Count eighteen of the indictment charged Murrell with violations of 14 V.I.C. §§ 551(1), 552.

King was convicted of nine counts. Count seven of the indictment charged King with a violation of 18 U.S.C. §§924(c)(1)(a). Count eight of the indictment charged King with violations of 14 V.I.C. §§ 921, 922(a)(1). Count ten of the indictment charged King with a violation of 14 V.I.C. § 2253(a). Count eleven of the indictment charged King with violations of 14 V.I.C. §§ 295(1), 11(a). Count twelve of the indictment charged King with violations of 14 V.I.C. §§ 295(3), 11(a).

*USA v. Murrell, et al.*
Crim. No. 2013-10
Sentencing Memorandum
Page 3

Count fourteen charged King with a violation of 14 V.I.C. §
2253(a). Count fifteen charged King with violations of 14 V.I.C.
§§ 1861, 1862(1), 11(a). Count seventeen charged King with a
violation of 14 V.I.C. § 2253(a). Count eighteen charged King
with violations of 14 V.I.C. §§ 551(1), 552.

Murrell and King were sentenced on October 10, 2013. At the
conclusion of the hearing, the Court sentenced King to the
following terms of imprisonment: 120 months for count 7, to be
served consecutively to the sentences for local counts 8, 10,
11, 12, 14, 15, 17, 18; 15 years as a general sentence, to be
served consecutively to the sentences for the remaining local
counts 8, 11, 12, 15, and 18; 15 years as a general sentence for
counts 8, 11, and 12, to be served concurrently with the
sentences for counts 15 and 18; 15 years for count 15; and 5
years for count 18. The sentences on counts 15 and 8 are to be
served concurrently with the general term imposed on counts 8,
11, and 12, and consecutively with the general term imposed on
counts 10, 14, and 17. The Court ordered that federal sentences
be served first.

The Court sentenced Murrell to the following terms of
imprisonment: 200 months for count 4, to be served consecutively
to the sentences for local counts 8, 9, 11, 12, 13, 15, 16, 18;
15 years as a general sentence for counts 9, 13, 16, to be

*USA v. Murrell, et al.*
Crim. No. 2013-10
Sentencing Memorandum
Page 4

served consecutively to the sentences for the remaining local counts 8, 11, 12, 15, and 18; 15 years as a general sentence for counts 8, 11, and 12; 15 years for count 15; and 5 years for count 18. The sentences on counts 15 and 18 are to be served concurrently with the general term imposed on counts 8, 11, and 12, and consecutively with the general term imposed on counts 9, 13, and 16. The Court ordered that federal sentences be served first.

This memorandum outlines the factors the Court considered when it imposed these sentences.

On its face, it is arguable that 14 V.I.C. § 2253 requires the Court to impose a consecutive sentence because the statute states that "applicable penalties provided for violation of this section shall be *in addition to* the penalty provided for the commission of, or attempt to commit, the crime of violence." 14 V.I.C. § 2253 (b) (emphasis added). However, the Third Circuit has held that "'the trial court should be able to sentence a defendant consecutively or concurrently as it sees fit,'" and that the phrase "in addition to" in other portions of the Virgin Islands Code does not mandate consecutive sentences. *Gov't of the Virgin Islands v. Douglas*, 812 F.2d 822, 832-833 (3d Cir. 1987) (holding that "in addition to" language in 14 V.I.C. § 2251(a)(2)(B) does not require imposition of consecutive

*USA v. Murrell, et al.*
Crim. No. 2013-10
Sentencing Memorandum
Page 5

sentences). It is in the discretion of the district court to impose consecutive sentences regardless. *Id.*

Applying this standard, the Court notes that the crimes of which Murrell and King have been convicted are very serious offenses. The Court also notes that the circumstances of these offenses warrant these sentences. The defendants engaged in particularly heinous conduct: Murrell and King ambushed the victim as he tried to enter his own home, shot the victim eight times, stole the victim's jewelry, and then left the victim lying in a pool of his own blood for his children to discover. Murrell's and King's sentences reflect the seriousness of their multiple offenses. These sentences promote respect for the law; protect the community; deter criminal conduct; and justly punish this heinous conduct.

This Court is no stranger to defendants who have committed similar offenses. The sentences imposed also ensure parity among similarly situated defendants.

Significantly, the imposition of any consecutive term of imprisonment was not solely because of the "in addition to" language found in 14 V.I.C. § 2253 (b).

S_____
            **Curtis V. Gómez**
            **District Judge**