DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:13-cr-0010 |
| ROLAND G. MURRELL | ) |
| Defendant. | ) |

### ORDER

**BEFORE THE COURT** is the motion of Roland G. Murrell for compassionate release. (ECF No. 125.) For the reasons stated below, the Court will deny the motion without prejudice.

On July 5, 2013, a jury found Murrell guilty of several federal and territorial crimes related to a January 28, 2015, robbery and shooting. Murrell was sentenced to 200 months imprisonment on the federal convictions to be served consecutively with 30 years imprisonment on the territorial convictions.

On May 14, 2020, Murrell filed a motion for compassionate release. (ECF No. 125.) In his motion, Murrell asserts that the COVID-19 pandemic presents an extraordinary and compelling reason to warrant relief under 18 U.S.C. § 3582(c)(1)(A).

Title 18, Section 3582 of the United States Code ("Section 3582") provides in pertinent part that

> (A) the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>     (i) extraordinary and compelling reasons warrant such a reduction; . . .
>         . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1).

The Third Circuit has explained that, before a defendant may file a motion for compassionate release pursuant to Section 3582(a)(1)(A), either (1) the Bureau of Prisons ("BOP") must have had 30 days to consider the defendant's request that the BOP move for compassionate release on his behalf, or (2) the defendant must administratively exhaust an adverse decision by the BOP in response to that defendant's request within that time period. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Failure to comply with Section 3582(c)(1)(A)'s exhaustion requirement "presents a glaring roadblock foreclosing compassionate release." *See id.*

Murrell does not assert that he requested the BOP to move for compassionate relief on his behalf. Accordingly, the Court will deny Murrell's motion for failure to exhaust his administrative remedies.

The premises considered, it is hereby

**ORDERED** that Murrell's motion for compassionate release docketed at ECF Number 125 is **DENIED** without prejudice.

**Dated:** June 4, 2020                                           */s/ Robert A. Molloy*
                                                                  **ROBERT A. MOLLOY**
                                                                  **District Judge**